**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GRADY WICKLUND and<br>SANDI WICKLUND,<br><br>        Plaintiffs,<br><br>v.<br><br>PACIFIC CYCLE, L.L.C.,<br>PACIFIC CYCLE, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 08-CV-486-GKF-FHM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is plaintiffs' Motion to Amend Judgment to Include Pre-Judgment Interest [Docket No. 58].

On June 23, 2010, the jury empaneled and sworn in this case rendered a verdict in favor of the plaintiffs and against defendants in the amount of One Million, One Hundred Thousand, One Hundred Seven Dollars and Six Cents ($1,100,107.06). Plaintiffs ask the court to amend the judgment entered June 24, 2010, to include prejudgment interest from the date the case was filed on July 18, 2008, to the date of the verdict.

Where state law claims are before a federal court on diversity jurisdiction, state law governs the award of prejudgment interest. *Casto v. Arkansas-Louisiana Gas Co.*, 562 F.2d 622, 623-25 (10th Cir. 1977); *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982); 20A *Moore's Federal Practice* § 337.15 (3d ed.). Oklahoma statutory law provides in pertinent part:

> E. Except as provided by subsection F of this section, **beginning November 1, 2009,** if a verdict for damages by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from bodily restraint, personal insult, defamation, invasion of privacy, injury to personal relations, or detriment due to an act or omission of another is accepted by the trial court, the court

1

>in rendering judgment shall add interest on the verdict at a rate prescribed pursuant to subsection I of this section from the date which is twenty-four (24) months after the suit resulting in the judgment was commenced to the earlier of the date the verdict is accepted by the trial court as expressly stated in the judgment, or the date the judgment is filed with the court clerk. **No prejudgment interest shall begin to accrue until twenty-four (24) months after the suit resulting in the judgment was commenced.** The interest rate for computation of prejudgment interest shall begin with the rate prescribed by subsection I of this section which is in effect for the calendar year which is twenty-four (24) months after the suit resulting in the judgment was commenced. This rate shall be in effect until the end of the calendar year in which interest begins to accrue or until the date judgment is filed, whichever first occurs. Beginning on January 1 of the next succeeding calendar year until the end of that calendar year, or until the date the judgment is filed, whichever first occurs, and for each succeeding calendar year thereafter, the prejudgment interest rate shall be the rate in effect for judgments rendered during each calendar year as certified by the Administrative Director of the Courts pursuant to subsection I of this section. After the computation of all prejudgment interest has been completed, the total amount of prejudgment interest shall be added to the amount of the judgment rendered pursuant to the trial of the action, and the total amount of the resulting judgment shall become the amount upon which postjudgment interest is computed pursuant to subsection A of this section.
>
>. . .
>
>K.  **For purposes of computing prejudgment interest, the provisions of this section shall be applicable to all actions which are filed in the district courts on or after January 1, 2010, for which an award of prejudgment interest is authorized by the provisions of this section.**

Okla. Stat. tit. 12 § 727.1 (emphasis added). In their response brief, defendants argue that, because the judgment was rendered within two years after the case was filed, and because the statute applies to verdicts after November 1, 2009, plaintiffs are not entitled to prejudgment interest. In reply, the plaintiffs point to the language in subsection K, and argue that Section 727.1 applies only to actions filed on or after January 1, 2010.

Upon review of the statute, this court concludes that subsection E of the statute, which applies to verdicts in personal injury cases beginning November 1, 2009, is applicable to the judgment entered June 24, 2010, as it establishes the date on which prejudgment interest begins to accrue. Therefore, the plaintiffs are not entitled to prejudgment interest on the verdict accepted by the court and set forth in the judgment entered June 24, 2010. Subsection K is limited by its own terms "for purposes of computing prejudgment interest" in actions "for which an award of prejudgment interest is authorized" by the statute. No prejudgment interest is authorized, therefore prejudgment interest does not have to be computed, and subsection K is inapplicable.

Wherefore, plaintiffs' Motion to Amend Judgment to Include Pre-Judgment Interest [Docket No. 58] is denied.

IT IS SO ORDERED this 19th day of August 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma